UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
ENG PYNG LIM and GL INVESTORS, LLC,

      . Plaintiffs,         Docket No.:

  -against-           COMPLAINT AND JURY
                  DEMAND

EXPERIENTIAL TEACHING ONLINE CORP., f/k/a/
MAKOR CORP., ANIL NARANG, DR. ROGER SCHANK,
DOV PERLYSKY, LEONARD KATZ, HOWARD SPINDEL ,
and JOSEPH BIANCO

      Defendants.
------------------------------------------------------------------X

   Plaintiffs Eng Pyng Lim and GL Investors, LLC ("Plaintiffs"), by and through their

attorneys, The Jin Law Group, PLLC, and the Law Offices of G. Oliver Koppell & Associates

allege as follows:

## NATURE OF THE ACTION

  1.   This is a civil action brought by Plaintiffs against Experiential Teaching Online

Corp., f/k/a/ Makor Corp. ("Extol"), Anil Narang ("Mr. Narang"), Dr. Roger Schank ("Dr.

Schank"), Dov Perlysky ("Mr. Perlysky"), Leonard Katz ("Mr. Katz"), Howard Spindel ("Mr.

Spindel") and Joseph Bianco ("Mr. Bianco") (collectively "Defendants"), which sold securities

to Plaintiffs using an unregistered broker in violation of the federal securities laws.

  2.   Through such actions, Defendants violated Sections 15(a); 20; 20(a); and 20(e) of

the Securities Exchange Act of 1934 ("Exchange Act").

  3.   Accordingly, Plaintiffs seek to rescind their purchases of securities entered into

between themselves and Defendant Extol, as provided for in Section 29(b) of the Exchange Act.

4.      Plaintiffs also seek an equitable accounting of their investments pursuant to New York state common law.

5.      Plaintiffs further seek compensatory damages and other appropriate legal and equitable relief.

## JURISDICTION AND VENUE

6.      This court has subject matter jurisdiction over Plaintiffs' claims pursuant to Sections 15(a); 20(a); 20(e) and 29(b) of the Exchange Act, thus constituting a federal question.

7.      This court has subject matter jurisdiction over Plaintiffs' equitable accounting action under New York state common law pursuant to 28 U.S.C. § 1367 (supplemental jurisdiction).

8.      Venue is proper in the Southern District of New York under 28 U.S.C. § 1391(b)(1) and (2) because Defendant Extol's principal place of business is in this district, because the individual Defendants do business in this district, and because a substantial part of the acts and omissions giving rise to this action occurred in this district.

## PARTIES

9.      Plaintiff Eng Pyng Lim ("Mr. Lim") is a natural person residing at 215-63 26 Ave, Bayside, New York, 11360.

10.     GL INVESTORS, LLC ("GL Investors") is a limited liability company formed under the laws of the State of New York and having its principle place of business at 6 Nassau Drive, Great Neck, New York, 11021. James Ho ("Mr. Ho") and Lingya Weng, a married couple, each own fifty per cent ownership interests in GL Investors.

11.     Extol is a for-profit educational entity which seeks to provide online courses and degrees in connection with accredited universities. Extol is a corporation organized under the

2

laws of the State of New York with a principal place of business located at 44 Wall Street, New York, New York 10005.

12.　　Makor Corp. changed its actual business entity name to Experiential Teaching Online Corp., on June 29, 2012.

13.　　In or around April 2012, Mr. Narang was Extol's President and a member of the Board of Directors. Mr. Narang was a founder of Extol, formerly known as Makor Corp.

14.　　In or around April 2012, Dr. Schank was Extol's Director of Education Development and a member of the Board of Directors. Dr. Schank is now Extol's Chief Executive Officer and the majority shareholder.

15.　　In or around April 2012, Mr. Perlysky was Extol's Chief Executive Officer and a member of the Board of Directors.

16.　　In or around April 2012, Mr. Bianco was a member of Extol's Board of Directors. Mr. Bianco was a founder of Extol, formerly known as Makor Corp.

17.　　In or around April 2012, Mr. Katz was Extol's Chief Financial Officer and a member of the Board of Directors. Mr. Katz was a founder of Extol, formerly known as Makor Corp.

18.　　In or around April, 2012, Mr. Spindel was a member of Extol's Board of Directors.

## FACTUAL ALLEGATIONS

19.　　In or around November 2009, Mr. Ho and GL Investors became acquainted with an individual by the name of Scott Narins ("Mr. Narins") with whom they shared office space.

20.　　Through Mr. Ho, Mr. Narins met Mr. Ho's brother-in-law, Mr. Lim.

3

21.     In or around April 2012, Mr. Narins solicited Mr. Ho and Mr. Lim to invest in Extol, then named Makor Corp., and recommended Extol as a good investment.

22.     Mr. Narins induced Plaintiffs to invest in Extol through a lengthy correspondence. His actions included making initial introductions, providing detailed information about Extol and its securities to Plaintiffs, advising Plaintiffs that Extol was a good investment, participating in negotiations and meetings for the purchase of Extol securities, helping answer Plaintiffs questions, and soliciting Plaintiffs in favor of making the investments in Extol. Mr. Narins previously marketed securities of other issuers to Plaintiffs.

23.     Mr. Narins presented GL Investors and Mr. Lim with a Confidential Private Placement Memorandum prepared by Extol, and informed them that upon Plaintiffs' investments, Extol would promptly sign contracts with various universities.

24.     Mr. Narins provided GL Investors and Mr. Lim with the Securities Purchase Agreement and other transaction documents, as well as, additional literature and presentations relating to Extol in order to induce them to purchase Extol securities.

25.     On or about June 12, 2012, GL Investors invested $800,000 in Extol securities.

26.     On or about November 9, 2012, GL Investors invested $200,000 in Extol securities.

27.     On or about November 15, 2012, GL Investors invested $200,000 in Extol securities.

28.     On or about November 15, 2012, Mr. Lim purchased 30,000 shares of Extol Common Stock in the amount of $100,000, as evidenced by a signed Purchase Agreement of that date.

29.     On or about April 6, 2013, GL Investors invested $100,000 in Extol securities.

4

30.      Mr. Lim purchased Extol stock as a result of Mr. Narins' introduction, solicitation and inducements.

31.      GL Investors purchased Extol stock as a result of Mr. Narins' introduction, solicitation and inducements.

32.      Upon information and belief, Mr. Narins was not in April 2012, or at any point thereafter, registered as a broker-dealer with the Financial Industry Regulatory Authority, Inc. ("FINRA").

33.      Upon information and belief, Mr. Narins was not a partner, shareholder, director or full-time general-purpose employee of Extol at the time he made the introduction and induced Plaintiffs to, and when Plaintiffs in fact did, purchase Extol securities.

34.      Upon information and belief, Mr. Narins was compensated by Extol and other securities issuers in consideration for his inducement of Plaintiffs and unknown other investors to purchase Extol securities.

35.      Upon information and belief, Extol hired Mr. Narins as a part-time compensated employee, subsequent to Plaintiffs' purchases of Extol securities, as a part of his compensation for his fund-raising services in soliciting and inducing investors to purchase Extol stock.

36.      Defendant Extol had actual control of Mr. Narins.

37.      Defendant Extol knew or should have known of Mr. Narins's actions as an unregistered broker in violation of the Exchange Act.

38.      Defendant Extol failed to act to stop or remedy Mr. Narins's actions as an unregistered broker in violation of the Exchange Act.

39.      Upon information and belief, the individual Defendants knew that Mr. Narins was not a licensed broker-dealer and that he was making various representations with respect to

Extol's business, including regarding how, immediately after Plaintiffs' investments, Extol would obtain contracts with various universities.

40.     In or around April 2012, and at all times relevant to this complaint, the following individual Defendants: Mr. Narang, Dr. Schank, Mr. Perlovsky, Mr. Katz, Mr. Spindel and Mr. Bianco exercised control of Extol, individually or jointly. (Referred to as the "Control Persons").

41.     The Control Persons had, individually or collectively, actual control of Mr. Narins.

42.     The Control Persons, individually or collectively, knew or should have known of, or recklessly disregarded, Mr. Narins's actions as an unregistered broker in violation of the Exchange Act and Extol's issuance of securities to Plaintiffs in violation of the Exchange Act.

43.     The Control Persons, individually or collectively, failed to act to stop or remedy Mr. Narins's actions as an unregistered broker in violation of the Exchange Act and Extol's issuance of securities to Plaintiffs in violation of the Exchange Act.

## FIRST CAUSE OF ACTION

(Failure to Use a Registered Broker-Dealer to Raise Capital in Violation of Section 15 and Section 29(b) of the Securities and Exchange Act of 1934)
Against Defendant Extol

44.     Plaintiffs hereby incorporate all preceding paragraphs with the same force and effect as if set out here.

45.     Defendant Extol is an issuer of securities purchased by the Plaintiffs.

46.     Pursuant to Section 15 of the Exchange Act, Mr. Narins was required to be a registered broker-dealer in order to market Extol securities.

47.     Notwithstanding this fact, with Extol's knowledge and assent, Mr. Narins solicited Plaintiffs to purchase those securities and recommended those securities to Plaintiffs as good investments.

48.     In the manner described in the preceding paragraphs, Mr. Narins made use of the means and instrumentalities of interstate commerce and of the mails to effect, induce, and attempt to induce the purchase and sale of securities.

49.     At all times relevant to this Complaint, Mr. Narins was not registered as a broker with FINRA and does not fall within any of the exemptions to the registration requirement.

50.     As payment for his sale of $1,400,000 in Extol securities to Plaintiffs, Mr. Narins received commissions and compensation from Defendant Extol.

51.     Consequently, the agreements by which Plaintiffs made their investments in Extol therefore violate Section 15(a)(1) of the Exchange Act.

52.     Section 29(b) of the Exchange Act provides that contracts made in violation of any provision of the Exchange Act or any rule thereunder are "void" as regards the rights of the violating party and "voidable" at the option of the innocent injured party/investor.

53.     Moreover, upon information and belief, Plaintiffs incurred damages. Such information is within the exclusive knowledge, dominion and control of Defendants.

54.     By reason of the foregoing, Plaintiffs seek an award granting it the right to rescind its investments in Extol and the return of its investments plus interest, legal fees and other expenses.

SECOND CAUSE OF ACTION
(Control Person Liability in Violation of Section 20(a) of the Exchange Act of 1934)
Against Control Person Defendants Mr. Narang, Dr. Schank, Mr. Perlovsky, Mr. Katz, Mr. Spindel and Mr. Bianco

7

55.     Plaintiffs hereby incorporate all preceding paragraphs with the same force and effect as if set out here.

56.     At all times relevant to this complaint, the Control Persons Defendants directly or indirectly controlled Mr. Narins and Extol.

57.     At all times relevant to this complaint, the Control Persons had actual and/or constructive control over Mr. Narins and Extol.

58.     Mr. Narins violated Section 15(a) of the Exchange Act by acting as an unregistered broker in selling securities to Plaintiffs through the use of interstate instrumentalities and Extol violated the Exchange Act and other securities laws by using an unlicensed broker-dealer without a qualifying exception or exemption.

59.     Upon information and belief, the Control Persons Defendants did not act in good faith.

60.     Upon information and belief, the Control Persons Defendants directly or indirectly induced Extol's and Mr. Narins' actions in violation of Section 15(a) of the Exchange Act by compensating him for his fund-raising efforts as an unregistered broker.

61.     Pursuant to Section 20(a) of the Exchange Act, Defendants are jointly and severally liable with and to the same extent as Extol and Mr. Narins.

### THIRD CAUSE OF ACTION
(Aiding and Abetting a Violation pursuant to Section 20(e) of the Exchange Act of 1934)
Against Control Person Defendants Mr. Narang, Dr. Schank, Mr. Perlovsky, Mr. Katz, Mr. Spindel and Mr. Bianco

62.     Plaintiffs hereby incorporate all preceding paragraphs with the same force and effect as if set out here.

63.     Mr. Narins violated Section 15(a) of the Exchange Act by acting as an unregistered broker in selling securities to Plaintiffs through the use of interstate instrumentalities and Extol violated the Exchange Act and other securities laws by using an unlicensed broker-dealer without a qualifying exception or exemption.

64.     The Control Persons Defendants provided substantial assistance to Extol's and Mr. Narins' securities law violations.

65.     The Control Persons Defendants knew or should have known that they were providing substantial assistance to Extol and Mr. Narins in violation of the Exchange Act.

66.     Pursuant to Section 20(e) of the Exchange Act, Defendants are jointly and severally liable with and to the same extent as Extol and Mr. Narins.

FOURTH CAUSE OF ACTION
(Causing a Violation of the Exchange Act of 1934 Pursuant to Section 20(e))
Against Control Person Defendants Mr. Narang, Dr. Schank, Mr. Perlovsky, Mr. Katz, Mr.
Spindel and Mr. Bianco

67.     Plaintiffs hereby incorporate all preceding paragraphs with the same force and effect as if set out here.

68.     The Control Persons Defendants at all times relevant to this complaint controlled Mr. Narins and Extol.

69.     Mr. Narins violated Section 15(a) of the Exchange Act by acting as an unregistered broker in selling securities to Plaintiffs through the use of interstate instrumentalities and Extol violated the Exchange Act and other securities laws by using an unlicensed broker-dealer without a qualifying exception or exemption.

70.     The Control Persons Defendants made a material omission of fact by not disclosing to Plaintiffs that Mr. Narins was an unregistered broker in violation of the Exchange Act.

71.     The Control Persons Defendants failed act in such a manner so as to stop Extol's and Mr. Narins' violation of the Exchange Act.

72.     Pursuant to Section 20(e) of the Exchange Act, Defendants are jointly and severally liable with and to the same extent as Extol and Mr. Narins.

### FIFTH CAUSE OF ACTION
(Equitable Accounting of Investments under New York State common law)
Against Defendant Extol

73.     Plaintiffs hereby incorporate all preceding paragraphs with the same force and effect as if set out here.

74.     As Plaintiffs are shareholders of Defendant Extol, there exists a relationship of a mutual and confidential nature between Plaintiffs and Defendants.

75.     A confidential relationship existed between Plaintiffs and Mr. Narins, whereby he induced them to invest in Extol.

76.     Extol had such knowledge and control over Mr. Narins that they are responsible for his actions in violation of the Exchange Act.

77.     Through Plaintiffs' purchase of securities, there exist monies in the amount of $1,400,000 entrusted to Defendant. Defendant Extol owes Plaintiffs fiduciary duties including the duties of loyalty and care. By acting as an unregistered broker, Mr. Narins owed Plaintiffs fiduciary duties.

78.     Defendant Extol is not a publically-traded corporation, and thus Plaintiffs have no adequate legal remedy.

79.     Thereby, Plaintiffs are entitled to an equitable accounting of their investments in defendant Extol.

## SIXTH CAUSE OF ACTION
(Breach of Representations and Warranties under the Securities Purchase Agreement)
Against Defendant Extol

80.     Plaintiffs hereby incorporate all preceding paragraphs with the same force and effect as if set out here.

81.     Pursuant to Section 3.4 of the Securities Purchase Agreement, Extol represented that "The execution, delivery and performance of this Agreement…will not violate any law or any order of any court or government agency applicable to the Company…"

82.     Pursuant to Section 3.15 of the Securities Purchase Agreement, Extol made the representations and warranties to the Plaintiffs to the effect that information contained in the Securities Purchase Agreement and the Private Placement Memorandum is true and correct in all material respects.

83.     In securing Plaintiffs' investments through an unregistered broker in violation of the Exchange Act, Extol breached the representations and warranties it has given to the Plaintiffs.

84.     By reason of the foregoing, Plaintiffs have been damaged.

## PRAYER FOR RELIEF
WHEREFORE, Plaintiffs respectfully request that this Court enter a judgment:

a.  On the first, second, third and fourth causes of action, rescinding purchase of Plaintiffs and ordering the repayment of $1,400,000.00.

11

b. On the fifth cause of action, directing Defendants to provide Plaintiffs with an accounting of all monies invested in Extol;

c. On the sixth cause of action, awarding damages in favor of the Plaintiffs.

d. Awarding damages on the first, second, third and fourth causes of action in an amount to be determined at trial;

e. Awarding Plaintiffs such interest as is allowed by law;

f. Awarding Plaintiffs reasonable attorneys' fees and costs; and

g. Granting such other and further relief as this Court deems necessary and proper.

Dated: New York, New York
       November 6, 2015

Law Offices of G. Oliver Koppell &  Associates

By:_____
       G. Oliver Koppell (GK-4851)
       Daniel F. Schreck (DS-7680)
99 Park Ave., Suite 1100
New York, NY 10016
212-867-3838


THE JIN LAW GROUP, PLLC
Ruth Jin, Esq.
200 Park Avenue, Suite 1700
New York, NY 10166
Tel: 646-863-5903
Fax: 646-862-9620